Hillsborough, }
Oct. 4, 1921. }

### MARY L. COTTON & a. v. I. FRANK STEVENS.

A surviving partner may purchase the interest of a deceased partner; but if the purchase is attacked, the burden is on the surviving partner to show that the transaction was fair and reasonable in every respect.

A judgment is conclusive between the parties as to matter upon which the plaintiff proceeds by his action and the defendant controverts by his pleadings.

BILL IN EQUITY, to cancel and rescind a contract of sale and for an accounting. Heard by *Marble*, J. John E. Cotton, who died

June 18, 1912, and the defendant were on that date partners doing business as the Maine Manufacturing Co. March, 1913, the plaintiff Cotton as executrix of John E., under authority from the probate court, sold and conveyed to the defendant the interest of the deceased partner in the business for the sum of $185,000. The bill is brought to set aside such sale and conveyance.

After the decision in this case (79 N. H. 224) a supplementary hearing was had which was limited to the introduction of evidence which the plaintiffs claimed to have discovered after the submission of the case. Upon this hearing, the court found that the new evidence did not justify a modification of the findings originally made and, without making any finding as to the adequacy of the consideration paid by the defendant for the interest of the deceased partner in the business, ordered the bill dismissed, the case to stand for further hearing as to the value of such interest in case the same should be considered material. To the order dismissing the bill, the plaintiffs excepted. Transferred from the January term, 1920, of the superior court.

*Albert Terrien, Doyle & Lucier,* and *Charles J. Hamblett (Mr. Lucier* orally), for the plaintiffs.

*Charles W. Hoitt* (of Massachusetts) and *Streeter, Demond, Woodworth & Sulloway (Mr. Demond* orally), for the defendant.

PARSONS, C. J. The materiality of the newly discovered evidence, which the court refused to receive upon the ground that it was immaterial, was not the only question passed upon in the former decision in this case. Upon the finding of Mrs. Cotton's lack of confidence in the defendant and other evidence the court found the plaintiffs were not deceived by the conduct or representations of the defendant, and upon this ground, reaffirmed in the present transfer, the order of dismissal was made. The error of law in the conception that the facts found authorized the dismissal of the bill was, it was thought, pointed out in May, 1919. The superior court apparently followed the rules of law applicable in the absence of fiduciary relation between the parties. That such relation existed between a surviving partner and the representatives of a deceased partner was stated, and while it was conceded the surviving partner might purchase the interest of the deceased partner, the obligation of the surviving partner when such a contract was assailed to show that the trans-

action "was perfectly fair and reasonable in every respect" was set forth in plain words. *Cotton* v. *Stevens*, 79 N. H. 224, 228.

This conclusion is the law of the case, ordinarily not reëxaminable in the same proceeding except upon a motion for rehearing, which in this case was made and denied. *Topore* v. *Railroad*, 79 N. H. 169, 170; *Kidd* v. *Company*, 75 N. H. 154, 158. A waiver of this rule because of the importance of the question, as in *Hedding* v. *Gallagher*, 72 N. H. 377, 379, would not aid the defendant. The legal situation is clearly stated in an opinion from which quotation has already been made. "Upon the death of a member of a partnership, the entire legal title to all the partnership property passes to the surviving partner, and he becomes invested with the exclusive right to its possession, control, and disposition, but for certain purposes. His obligations with respect thereto are threefold: (1), To convert the same into money; (2), To pay the debts of the partnership; and (3), To distribute the surplus between himself and the estate of the deceased partner. In the discharge of these obligations, the decided cases and text-writers generally maintain that, while he is not a trustee properly so called, he is nevertheless a trustee in a certain sense, and is subject to the rules and principles of equity which pertain to persons who sustain a fiduciary relation; that the creditors and the representative of the deceased partner have the right to go into a court of equity and ask for the proper fulfilment of these obligations; and that while the surviving partner and the representative of the deceased partner are not interdicted from contracting with each other with respect to the partnership estate, yet their contracts — and especially the purchase by the surviving partner of the interest of the deceased partner, on account of the generally 'dangerous inequality of knowledge with respect to the subject-matter of the sale' — are regarded with suspicion, will be jealously scrutinized, and only be allowed to stand, if assailed, where they appear to have been reasonable, fair, and just." *Tennant* v. *Dunlap*, 97 Va. 234, 241, 243.

It is unnecessary to again go over the evidence which has been fully discussed. It seems sufficient to say that upon a careful re-examination of the question before presented and the authorities upon which the result then reached was based the conclusion then announced is reaffirmed. The order of dismissal is erroneous because the defendant has not sustained the burden of establishing that the transaction attacked was "fair and reasonable in every respect." It is difficult to understand how such a conclusion can be

reached without ascertaining whether a fair price was paid. Moreover the executrix was herself a trustee. Her fraud or negligence in the sale might make her personally liable but would not free the defendant from the obligations of the fiduciary position which he occupied with reference to all owners of the deceased partner's interest. There should be an investigation of the question whether the price paid was fair and reasonable under all the circumstances. Evidentiary findings are reported which tend to some extent to establish that it was, but the fact is not found. In *Tennant* v. *Dunlap*, 97 Va. 234 and *Welbourn* v. *Kleinle*, 92 Md. 114, the consideration for such a sale having been found inadequate, it was held justice would be done by a decree for the payment of such sum as would with the amount already paid equal the fair value of the property conveyed without rescinding the sale and requiring an accounting for profits.

Whether such a decree will do justice here will be determined upon all the facts when found. The vital question is yet undetermined. Did $185,000 under all the circumstances, including the wish of the plaintiffs to close the transaction, fairly represent the value obtained by the defendant?

At the close of his oral argument counsel for the defendant called attention to P. S., *c*. 121, *s*. 8, under which the executrix acted in making the settlement and conveyance attacked. The section reads as follows: "Executors and administrators shall have power at any time — the assent of the judge of probate in writing first having been obtained — to adjust, by arbitration or compromise, the affairs of such partnership with the surviving partner or partners, and to convey to the surviving partner or partners the interest of the deceased in the property of the partnership, and fully discharge him or them from all liabilities in respect to the same." Under this section the probate court made a decree authorizing the sale. The sale therefore cannot be set aside because of lack of authority in the executrix to make it. She had power to act as she would have had under a license to sell real or personal estate. P. S., *c*. 189, *ss*. 5, 15. But adjudication of power to contract is not an adjudication as to the manner in which the power was exercised. If it be assumed the details of the proposed transaction were laid before the probate court and considered in making the decree, such decree is not a judgment binding as between the executrix and surviving partner as to the validity of the contract. The finality of a judgment rests upon the proposition "that a matter once litigated and determined before a court of competent jurisdiction shall not be again litigated

before any court." *MacDonald* v. *Railway*, 71 N. H. 448, 452; Van Fleet, Coll. Att., s. 17. The matter in issue which is determined by a judgment is the matter upon which the plaintiff proceeds by his action and the defendant controverts by his pleadings. *King* v. *Chase*, 15 N. H. 9. If it be assumed that the executrix and the surviving partner, having agreed upon the terms of settlement and conveyance between them, presented them to the probate court for approval, whatever the issue might be between them and other parties who might have appeared to object and did not (notice having been given if required, P. S., c. 185, ss. 2, 3), there was no issue as to the fairness of the transaction for trial between the parties. One did not allege and the other deny its fairness. They were not and could not be litigants on this question. Both necessarily were on the same side. As this issue has not been litigated between these parties, it is now open.

The order dismissing the bill is set aside. According to the provisions of the transfer the case is

*Remanded for further hearing.*

All concurred.